IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY D. SULLIVAN,

              OPINION AND ORDER
      Petitioner,

                11-cr-79-bbc

   v.           16-cv-736-bbc

UNITED STATES OF AMERICA,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Petitioner Larry D. Sullivan has moved for post conviction relief under 28 U.S.C. §
2255, contending that he was sentenced improperly on February 16, 2012.  He believes that
this court erred in finding him a career offender and contends that his two prior convictions
were not qualifying crimes that could be used to find him a career offender.

   Petitioner's motion fails for three reasons.  First, he filed a motion for reconsideration
on November 21, 2014, dkt. #49, that was construed as a motion for post conviction relief
and denied because it was filed more than one year after his judgment of commitment had
become final.  (Petitioner did not take a direct appeal, so his judgment of conviction would
have become final 20 days after the date of the conviction, giving him a year from that date
to file a post conviction motion.  28 U.S.C. § 2255(f)(1).)

   Second, petitioner's present motion is barred because he has not obtained
certification from a panel of the Court of Appeals for the Seventh Circuit to file a second

1

motion for post conviction relief. 28 U.S.C. § 2255(h).

Third, even if I could entertain petitioner's claim, it is not a viable one. He believes that he was sentenced improperly as a career offender because the two prior convictions supporting the increased sentence involved merely simple possession of narcotics. As a result, he argues, they did not count as qualifying offenses under Salinas v. United States, 547 U.S. 188 (2006), and United States v. Atkinson, 979 F.2d 1219 (1992). A review of the presentence report shows that neither of the two prior convictions involved mere possession. In the older one, the charge was manufacturing and delivering cocaine and THC. Presentence Rep., dkt. #34, at 11. In the more recent one, it was possession with intent to deliver cocaine. Id. at 13.

The cases that petitioner cites would provide him no help even if he were permitted to proceed on his post conviction motion. In Salinas, the Supreme Court found that the Court of Appeals for the Fifth Circuit had erred in treating a conviction for simple possession of a controlled substance as a qualifying crime under the sentencing guidelines. The Court found that the guidelines were clear in defining a "controlled substance offense" as applying only to an offense prohibiting the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense. Neither of petitioner's prior convictions was for simple possession. Instead they were for offenses that involved either possession *and* delivery or possession *with intent to deliver*.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.

2

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma</u> <u>pauperis</u>.

ORDER

IT IS ORDERED that petitioner Larry D. Sullivan's motion for post conviction relief

3

under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue.

Entered this 18th day of November, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4